UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

DAVID L. PENMAN                                         CASE NO. 07-52071

DEBTOR

J. JAMES ROGAN, TRUSTEE                                 PLAINTIFF

v.                                                      ADV. NO. 08-5047

CITIMORTGAGE, INC., et. Al.                             DEFENDANTS

## MEMORANDUM OPINION

This matter having come before the Court upon Plaintiff's Motion for Leave to File Amended Complaint (DOC 12), and Defendant CitiMortgage's Motion for Summary Judgment (DOC 15), and the matter having been heard on June 9, 2008, the Court took the matter under advisement, the Court issues this Memorandum Opinion.

The matter is submitted to the Court on the issue of whether the Trustee has a superior interest over a mortgage lien holder because the loan originator was not licensed in violation of KRS § 286.8-030.

The jurisdiction of this case is based upon 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409.

Facts. The facts are not in dispute. On July 22, 2003, Debtor and Defendant LaDonna Penman executed a promissory note payable to FSB Funding, Inc. in the principal amount of $130,500.00, and to secure payment of the note granted FSB Funding, Inc., a mortgage in real property dated July 22, 2003. FSB Funding, Inc. was not licensed in violation of KRS § 286.8-030. The mortgage was subsequently assigned to Defendant CitiMortgage on August 6, 2007.

The Debtor's bankruptcy was filed on October 25, 2007. The Trustee filed the herein adversary proceeding on March 6, 2008, alleging that he has a superior interest as a judicial lien creditor to CitiMortgage in the real property, and seeking to sell the estate's interest with the co-owner Defendant LaDonna Penman. On April 17, 2008, an Order Approving Settlement of Adversary Proceeding Against LaDonna Penman was entered in the main case (DOC 63).

<u>Conclusions of Law</u>. The Trustee argues that he has a superior interest over a mortgage lien holder because the loan originator was not licensed in violation of KRS § 286.8-030. That is purely a legal question as the facts are not disputed.

KRS § 286.8-030 states that it is unlawful for any person to transact business as a mortgage loan company if he is not licensed, unless that person is exempt. There is no dispute that the loan originator was not licensed. However, the fact that a mortgagee is not licensed as a mortgage loan company and not exempt at the time a mortgage loan is entered into does not justify voiding a mortgage. *See* <u>Bennett v. Bourne</u>, 5 S.W.3d 124 (Ky. 1999). The Court considers that case dispositive of this adversary proceeding, and no further legal arguments will be analyzed herein.

For those reasons, a separate order overruling Trustee's Motion for Leave to File Amended Complaint (DOC 12), sustaining Defendant CitiMortgage's Motion for Summary Judgment (DOC 15), and dismissing the adversary proceeding will be entered. This memorandum opinion constitutes the Court's findings of fact and conclusions of law.

COPIES TO:

J. James Rogan, Esq.
Nathan L. Swehela, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Tuesday, June 17, 2008**
**(jms)**